IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNION OF ORTHODOX JEWISH : | | |
| CONGREGATIONS OF AMERICA, : | | |
|     Plaintiff : | | |
| : | | |
| v. : | CIVIL NO. AMD 05-620 | |
| : | | |
| BRACH'S CONFECTIONS, INC., : | | |
|     Defendant : | | |

...o0o...

MEMORANDUM OPINION

Plaintiff, the Union of Orthodox Jewish Congregations of America, is a New York not-for-profit corporation which provides kosher product certifications, i.e., certifications for foods that are prepared in accordance with special Jewish dietary laws. Plaintiff alleges that the market for kosher foods was recently estimated to exceed 8.5 million consumers, and includes many persons who are not of the Jewish faith. Plaintiff is the owner of a certification mark, a circled "u", that is registered with the United States Patent and Trademark Office.

Defendant Brach's Confections, Inc., a Delaware corporation with its principal place of business in Dallas, Texas, manufactures and markets confections and candies, including "Star Brites Peppermint," throughout the United States.

This trademark infringement action arises out of plaintiff's discovery in February 2005 that certain wrappers on defendant's "Star Brites Peppermint" candies appeared to contain plaintiff's certification mark. Plaintiff has never authorized defendant to employ its certification mark. Thereafter, the parties' respective legal departments and outside counsel

had an exchange of some rather over-heated emails and letters, in the course of which, in classic "lawyerese," *Louis Vuitton S.A. v. Lee,* 875 F.2d 584, 587 (7th Cir.1989)(Posner, J.), plaintiff threatened to sue. Defendant had vigorously denied any use of the plaintiff's mark on its products, knowing, intentional or otherwise, but, at the same time, had offered somewhat conflicting explanations as to why one might mis-interpret the wrapper to conclude that defendant was using the mark on its wrappers.

In short order, in a classic "race to the courthouse," litigation commenced. Plaintiff won the race by a few hours when it filed this action for infringement of its mark on March 3, 2005; defendant filed a declaratory judgment action seeking a declaration of non-infringement on March 4, 2005, in the United States District Court for the Northern District of Texas, its home forum. Now pending are defendant's motion pursuant to 28 U.S.C. §1404(a) to transfer this case to the United States District Court for the Northern District of Texas and plaintiff's motion to enjoin defendant from prosecuting the Texas action. The motions are fully briefed and no hearing is needed.*

---

*The Orthodox Union, joined as defendant in the Texas action, filed a motion to stay (*but not a motion to transfer venue*) in the Texas action. As the briefing on the mirror-image motions in both courts proliferated, and believing that the Orthodox Union had filed a motion to transfer venue in the Texas action, I *sua sponte* stayed this case in deference to the action of the court in the Texas case. After a hearing on the *motion to stay* the Texas action (again, there was no motion to transfer), the Honorable Barefoot Sanders, United States District Judge, stayed the Texas action, but it is clear that Judge Sanders did not intend to grant, and did not grant, the Union's motion to stay *so that this case could proceed to final judgment* or, more likely, settlement. Rather, it is clear that Judge Sanders stayed the Texas case solely to permit this court to rule on the motion to transfer pursuant to § 1404(a). *See* April 21, 2005, Transcript at 18 ("I will stay pending the Maryland court's ruling on the pending motion to transfer the Maryland case.").

It is undisputed that plaintiff is headquartered in New York and that defendant is headquartered in Dallas. The only *relevant* connection this district has to this dispute is that some of the allegedly infringing products were found on the shelves of one or more retail food stores in Baltimore, and a local rabbi would so testify.

Under §1404(a), a district court may transfer any civil action to any other district or division where it might have been brought for the convenience of parties and witnesses and in the interest of justice. The factors courts consider under §1404(a) are well-known and long-settled:

> "To prevail on a motion to change venue pursuant to §1404, the 'defendant must show by a preponderance of the evidence' that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *Figgie International, Inc. v. Destileria Serralles, Inc.*, 925 F.Supp. 411 (D.S.C. 1996)(citations omitted)(declining to transfer case from South Carolina to Puerto Rico); *Merkur v. Wyndham Int'l, Inc.*, 2001 WL 477268 (E.D.N.Y. March 30, 2001) (refusing to transfer slip and fall claim to Puerto Rico where defendant operated more than 200 hotel properties around the world). The convenience factors courts consider in applying §1404(a) include: "1) the plaintiff's choice of forum; 2) relative ease of access to sources of proof; 3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; 4) possibility of a view of the premises, if appropriate; 5) enforceability of a judgment, if one is obtained; 6) relative advantage and obstacles to a fair trial; 7) other practical problems that make a trial easy, expeditious, and inexpensive; 8) administrative difficulties of court congestion; 9) local interest in having localized controversies settled at home; 10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and 11) avoidance of unnecessary problems with conflicts of laws." *Choice Hotels International, Inc. v. Madison Three, Inc.*, 23 F.Supp.2d 617, 622 n. 4 (D.Md. 1998) (citing *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F.Supp. 519, 527 (M.D.N.C. 1996); *see Etienne v. Wolverine Tube, Inc.*, 12 F.Supp.2d 1173, 1182 (D. Kan. 1998) (quoting *Chrysler Credit Corp.*

*v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)). *Helsel v. Tishman Realty Constr. Co., Inc.,* 198 F.Supp.2d 710, 711-12 (D.Md.2002); *Cole-Tuve, Inc. v. American Machine Tools Corp.*, 342 F.Supp.2d 362, 370 (D.Md. 2004); *Brown v. Stallworth*, 235 F.Supp.2d 453, 455 (D.Md. 2002).

In support of its motion to transfer venue, defendant contends that the plaintiff's choice of a foreign forum, with only a tenuous connection to the dispute, rather than its home forum, disentitles plaintiff to any deference from the court in its choice to litigate its claims in this district. (This is true, according to defendant, even where, as here, plaintiff has asserted parallel state law claims calling for the application of Maryland law). Defendant also contends that the "first-filed" doctrine, *see Mattel, Inc. v. Louis Marx & Co.*, 353 F.2d 421, 423 (1965), *cert. dismissed*, 384 U.S. 948 (1966), *cited with approval in Ellicott Mach. Corp. v. Modern Welding Co., Inc.,* 502 F.2d 178, 180 n.2 (4th Cir. 1974), should not be given significant weight in the court's transfer of venue determination under the circumstances here. Finally, defendant contends that the parties' witnesses with knowledge of the relevant facts are all, or virtually all, outside this district, and in particular, *its* executives and legal personnel with knowledge of the issues in this case are, with one exception, all located in Dallas. Defendant contends that this district was chosen simply because it is convenient for plaintiff's Washington, D.C.-based counsel, which is not a factor courts will weigh in favor of retaining jurisdiction where transfer is otherwise indicated. *Cf. In re Volkswagen AG,* 371 F.3d 201, 206 (5th Cir. 2004)("[T]he convenience of counsel is

not a factor to be assessed in determining whether to transfer a case under § 1404(a)." ).

For its part, plaintiff emphasizes the "plaintiff's-choice-of-forum" factor and the "first-filed" doctrine as weighty considerations favoring an injunction against defendant's prosecution of the Texas action and against transfer of this action to Texas. In fact, however, as defendant contends, those factors are not significant here. Plaintiff, a New York entity, clearly chose a forum for the convenience of its counsel; indeed, although the case was *filed* in the *Southern Division* of this court, the courthouse for which is even closer to the District of Columbia offices of plaintiff's counsel than the Baltimore courthouse, the case was *assigned* to this (*Northern*) division because defendant's agent for service of process is located in this division. Furthermore, plaintiff's failure to move to transfer venue in the Texas action to this district is telling. The record shows that such a motion almost certainly would have been denied; understandably no such motion was made. (Nor do I believe it is *ever* appropriate for a federal district judge to be asked to, in effect, take control of another district judge's docket by purporting to "enjoin" the prosecution of that case by one of the parties to the case.) In short, as between *Texas and Maryland*, Texas is a far more convenient forum for *these litigants in respect to the claims asserted here*. Plaintiff does not deny that the case could have been brought in the Northern District of Texas. However convenient the Southern District of New York would have been, plaintiff chose not to litigate its claims there.

Plaintiff has cobbled together several freestanding arguments in an effort to shore up

its choice of forum in the face of the convenience factors militating in favor of transfer. Plaintiff notes: (1) many consumers of kosher foods are in Maryland; (2) defendant derives significant revenue from its sales in Maryland; (3) plaintiff's New York based personnel are closer to Maryland than to Texas, and travel to Maryland from New York is more convenient than is travel to Texas from New York; (4) plaintiff is a not-for-profit corporation and is concerned about its costs; (5) defendant has significant national market share in its industry and is a "Goliath" in a legal battle with a "David;" (6) the offending candy wrappers were printed in Argentina, not in Texas; and (7) some of the offending goods were found in this district.

Notwithstanding the above contentions, many of doubtful relevance, I am not persuaded by plaintiff's arguments that the balance of convenience and the interest of justice favors litigation of this case in this district over the Northern District of Texas. I "decline to place undue significance on the [outcome of the] race to the courthouse door." *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 258 (4th Cir 1996). Morever, "the lower federal courts have routinely given less weight to a foreign plaintiff's choice of forum." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 256 n.23, (1981) (*forum non conveniens*), and that approach is justified here in the face of the balance of convenience factors. *See Ralph v. Long*, 2001 WL 706034 *2 (D.Md. June 14, 2001)("A plaintiff's choice of forum is generally accorded considerable deference, unless the plaintiff is a non-resident of either that forum or of the location where the cause of action arose. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255

(1981) (generally, there is "a strong presumption in favor of the plaintiff's choice of forum"); *Biometics, LLC. v. New Womyn, Inc.,* 112 F.Supp.2d 869, 877 (E.D.Mo.2000) (federal courts give great deference to plaintiff's choice of forum, except when it is not the plaintiff's residence) (citations omitted); *Boyd v. Snyder,* 44 F.Supp.2d 966, 969 (N.D.Ill.1999) (less weight accorded, *inter alia,* when cause of action did not "conclusively arise in forum") (citations omitted); *Tischio v. Bontex, Inc.,* 16 F.Supp.2d 511, 521 (D.N.J.1998) (plaintiff's choice of forum is given less weight when he or she does not reside there or the forum has little connection to the "operative facts of the lawsuit") (citations omitted)").

    Accordingly, the motion to transfer venue shall be granted and the motion to enjoin shall be denied.


Filed: May 11, 2005                  /s/
                                                      ANDRE M. DAVIS
                                                      UNITED STATES DISTRICT JUDGE